UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CECILIA A. FRANCESCON** | * | **CIVIL ACTION NO. 17-0187** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NANCY W. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

On October 7, 2014, Cecilia Francescon protectively filed the instant application for Title II Disability Insurance Benefits. (Tr. 115-118). She alleged disability as of December 22, 2013, because of a back injury. (Tr. 139, 143). The state agency denied the claim at the initial stage of the administrative process. (Tr. 74-87). Thereafter, Francescon requested and received a hearing on October 9, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 60-73). In a November 6, 2015, written decision, the ALJ determined that Francescon was not disabled under the Social Security Act, finding at step four of the sequential evaluation process that she was able to return to her past relevant work as a sales clerk for watches/jewelry and/or dresses. (Tr. 16-28). Francescon appealed the adverse decision to the Appeals Council. On December 20, 2016, however, the Appeals Council denied Francescon's request for review; thus the ALJ's decision

became the final decision of the Commissioner. (Tr. 1-4).

On January 24, 2017, Francescon filed the instant, pro se complaint for judicial review of the Commissioner's final decision. Following submission of the administrative transcript and supporting memoranda, the matter is now before the court.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

> (1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.
>
> (2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.
>
> (3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
> (4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of

3

performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## The ALJ's Findings

**I.    Steps One, Two, and Three**

The ALJ determined at step one of the sequential evaluation process that the claimant did not engage in substantial gainful activity during the relevant period. (Tr. 21). At step two, he found that the claimant suffered severe impairments of degenerative disc disease of the lumbar spine with lumbosacral spondylosis. (Tr. 21-23).[1] He concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the process. (Tr. 23).

**II.    Residual Functional Capacity**

The ALJ next determined that the claimant retained the residual functional capacity ("RFC") to perform the full range of light work.[2]

---

[1] The ALJ further found that the claimant's medically determinable impairments of depression and anxiety were not severe. *Id*. He also found that complaints of right shoulder pain and left arm numbness were not medically determinable impairments. *Id*.

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are

**III.    Step Four**

At step four, the ALJ employed a vocational expert to find that the claimant was able to return to her past relevant work as a sales clerk for watches/jewelry and a sales clerk for dresses, both as she actually performed these jobs, and as they generally are performed in the national economy. (Tr. 24-25).[3]

<u>**Analysis**</u>

Pursuant to the court's scheduling order, plaintiff was required to submit a brief that *inter alia*, set forth "**specific errors** committed at the administrative level which entitle plaintiff to relief." (Feb. 10, 2017, Sched. Order [doc. # 7]). The order cautioned that "[t]he court will consider only those errors **specifically identified** in the briefs. A general allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court." *Id*.

From what the court may discern by way of plaintiff's memoranda and submissions, she primarily relies on new evidence that post-dates the relevant period to argue that she is disabled. That argument is addressed in further detail below. However, the court also will briefly review the ALJ's decision for legal error and sufficiency of the evidence.

As recited earlier, at step two of the sequential evaluation process, the ALJ found that the claimant's medically determinable impairments of depression and anxiety were not severe. *Id*. He also found that her complaints of right shoulder pain and left arm numbness were not

---

> additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[3] Past relevant work is defined as "the actual demands of past work or 'the functional demands . . . of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61).

medically determinable impairments. *Id*.

In assessing the severity of an impairment, the Fifth Circuit has determined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (citing *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985)). However, when, as here, the ALJ's analysis proceeds beyond step two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required. *See Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Jones v. Bowen*, 829 F.2d 524, n. 1 (5th Cir. 1987). Once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1520(e) and 404.1545. Indeed, the ALJ recited the foregoing regulations, and proceeded to consider the medical record and the aggregate impact of plaintiff's impairments.

In addition, the court cannot fault the ALJ's step two determination. The ALJ applied the psychiatric review technique to plaintiff's mental impairments, but found that they were not severe. (Tr. 21-23). In this regard, he dutifully reviewed the medical records of Joseph Walters, M.D., of the MGH Rural Health Clinic, who regularly treated Francescon for moderate depression and anxiety from January through June 2014. *See* Tr. 22, 216-244. Walters, however, is not a mental health provider, and did not assign any limitation of functioning from the mental impairments. Moreover, not only did plaintiff not allege a mental impairment as a basis for disability, either in her application or at the hearing, she also failed to indicate any mental limitation of functioning on her Function Report – Adult. *See* Tr. 162-169; *Brock v. Chater*, 84 F.3d 726,728 (5th Cir. 1996) (claimant did not mention additional impairments in his

6

request for benefits or at the hearing).

Moreover, although the "ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts," reversal is warranted on that basis only when the claimant demonstrates resulting prejudice. Brock, 84 F.3d at 728. "To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result." *Id.* (internal quotes omitted). Plaintiff has not met her burden here.

Further, although plaintiff *did* mention her complaints of right shoulder pain and left arm numbness (both in connection with her administrative appeal and at the hearing), the ALJ aptly noted that no physician had diagnosed these alleged impairments, and thus, they were not medically determinable impairments. *See* Tr. 23; *see also* 20 C.F.R. § 404.1521 (objective evidence from an acceptable medical source is needed to establish a medically determinable impairment). To the extent that plaintiff contends that the ALJ erred by failing to obtain further medical consultations, she has not demonstrated resulting prejudice. *See Hyde v. Astrue*, Docket No. 07-30748 (5th Cir. May 12, 2008) (unpubl.) (to establish prejudice, something more is required than an unsupported assertion that other tests or testimony might have made a difference).

To establish that a claimant's impairments meet or medically equal a listing at step three of the sequential evaluation process, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). In determining whether a claimant's impairment(s) equals a listing, all evidence in the case record about the claimant's impairments and their effects are considered. 20 C.F.R. § 404.1526(c). An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521,

530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that listings-level impairments are not present. *Selders*, 914 F.2d at 620. Plaintiff neither argues, nor makes the requisite showing that her impairment(s) is of listing-level severity.

The court further finds that the ALJ's residual functional capacity assessment ("RFC") is supported by substantial evidence. In his decision, the ALJ reviewed the available evidence, including the hearing testimony, plaintiff's activities of daily living, treatment records, the results of functional capacity evaluation, and the impressions of the treating and agency physicians. (Tr. 24-27). In deriving the RFC, the ALJ assigned great weight to the March 19, 2014, opinion of plaintiff's treating opinion, Jose Ferrer, M.D., that she had reached maximum medical improvement, with a whole body permanent impairment of ten percent. (Tr. 26, 34-35).

The ALJ also assigned "some weight" to the findings of a February 27, 2014, functional capacity evaluation administered by Nick Butler, PT. (Tr. 26, 196-212). The testing revealed that plaintiff should be able to perform light duty or sedentary type work at least at the part-time level. *Id*.[4] Specifically, she could lift and carry up to 20 pounds. *Id*. She also could occasionally walk and climb stairs, frequently stoop, and occasionally kneel, crouch, and reach bilaterally. *Id*.

The ALJ further assigned "great weight" to the physical residual functional capacity assessment completed by non-examining agency physician, Gurcharan Singh, M.D., who found that plaintiff was capable of light work, reduced by the ability to only occasionally engage in postural activities, with the need to avoid concentrated exposure to extreme cold, vibration,

---

[4] Dr. Ferrer incorrectly characterized the Functional Capacity Evaluation as supporting only sedentary work, with no lifting or bending. (Tr. 35).

fumes, odors, dusts, hazardous machinery, and heights.  (Tr. 77-79).[5]

In addition, the ALJ noted plaintiff's activities of daily living, whereby she conceded that she had no difficulty doing laundry or dishes.  (Tr. 27, 67).  Moreover, plaintiff walked every day, which helped to alleviate her pain.  (Tr. 64, 165).  The ALJ also highlighted plaintiff's unexplained failure to participate in physical therapy exercises or epidural steroid injections.  The regulations provide that a claimant will not be found disabled if she fails, without good reason, to follow prescribed treatment.  20 C.F.R. §§ 404.1530.  While the ALJ did not base his finding of "not disabled" on plaintiff's failure to follow prescribed treatment, he noted that her conduct tended to undermine the alleged severity of her symptoms.  (Tr. 27).[6]

Finally, at step four of the sequential evaluation process, the court affirms the ALJ's finding that plaintiff's residual functional capacity is consistent with the demands of her past relevant work as those jobs *generally* are performed in the national economy.  *See* DOT # 261.357-066 1991 WL 672427 and DOT # 279.357-058 1991 WL 672549.

Finally, in connection with the instant complaint for judicial review, plaintiff submitted copies of medical records that post-date the relevant period at issue.  There is no indication that

---

[5] The ALJ relied on Social Security Rulings 83-14 and 85-15 to conclude that the limitations of functioning endorsed by Dr. Singh did not significantly affect the capacity for work at the light exertional level.  Indeed, non-exertional impairments that do not significantly impact the occupational base for work do not preclude use of the guidelines.  *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987) (citations omitted) (when a claimant's non-exertional impairments do not significantly affect her residual functional capacity, the ALJ may rely exclusively on the Guidelines); *see also Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999); *Selders v. Sullivan*, 914 F.2d 614, 618-619 (5th Cir. 1990).  In any event, the Dictionary of Occupational Titles confirms that the additional limitations recognized by Dr. Singh are not required by the two jobs that comprise plaintiff's past relevant work.  *See* DOT # 261.357-066 1991 WL 672427 and DOT # 279.357-058 1991 WL 672549.

[6] Plaintiff submitted additional evidence to the Appeals Council.  The evidence post-dated the relevant period at issue, and thus, the Appeals Council declined to consider it.  Interestingly, however, Jeff Counts, D.O., opined that plaintiff did not have any significant spine pathology at that point.  (Tr. 9-12).  He characterized her lumbar spondylosis as "mild."

these medical records were part of the administrative record. Thus, at best, the court could remand the matter to the Commissioner for consideration of plaintiff's recently adduced evidence. However, the court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g)). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence also must be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id.*

     Plaintiff's new medical records do not satisfy the foregoing criteria. They date from December 2016 and document heaviness in the bilateral lower extremities for the past four months, which radiographs had diagnosed as a large, extradural paraspinal mass with central stenosis and associated myelopathy. (Compl., Exhs.). According to plaintiff, she eventually was diagnosed with multiple myeloma and underwent surgery in January 2017. (Pl. Brief [doc. # 9]). She emphasizes that the surgery and ensuing cancer treatment have greatly impacted her ability to work. *Id*.

     The court has no occasion to dispute plaintiff's account of the effects of her current impairments. It is manifest, however, that her proffered evidence is indicative of no more than a "later-acquired disability or . . . the subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan*, 888 F.2d 1463, 1471-1472 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)). Plaintiff also has not suggested any explanation for her failure to incorporate the newly proffered evidence into the

medical record.  *Pierre, supra* (good cause for remand is not met unless plaintiff provides proper explanation to excuse her failure to submit the evidence earlier).  "[T]he mere fact that a medical report is of recent origin is not enough to meet the good cause requirement."  *Pierre*, 884 F.2d at 803 (citation omitted).

In sum, plaintiff has neither established that the post-decision evidence is material, nor demonstrated good cause for failing to incorporate the evidence into the administrative record. *Pierre, supra*.[7]  Accordingly, plaintiff is not entitled to remand.  *Id*.

### Conclusion

The ALJ in this case was tasked with determining whether the claimant was disabled.  In so doing, he considered the hearing testimony, the medical records, and expert opinion evidence. The evidence was not necessarily uniform, and according to plaintiff, should have compelled a different result.  However, conflicts in the evidence are for the Commissioner to resolve.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (citation omitted); *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971) (citation omitted).  **This court may not "reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision."** *Newton v. Apfel*,  209 F.3d 448 (5th Cir. 2000).

Upon review of the record, the undersigned finds that the Commissioner's determination that plaintiff was not disabled under the Social Security Act is supported by substantial evidence and remains free of legal error.  Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED, in its entirety, and that this civil action be DISMISSED with prejudice.

---

[7] As the Appeals Council noted, plaintiff's new evidence may provide grounds to support a new application for disability benefits.  *See* Tr. 2.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of January 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE